## Case No. 1,268.

### In re BELLAMY.

[1 Ben. 474; [1] 1 N. B. R. 113, (Quarto, 25;) Bankr. Reg. Supp. 25; 6 Int. Rev. Rec. 141; 15 Pittsb. Leg. J. 1.]

District Court, S. D. New York. Oct. 11, 1867.

BANKRUPTCY — ORDER DIRECTING REGISTER TO EXAMINE THE PROCEEDINGS AND CERTIFY—GENERAL AND SPECIAL ORDERS—SERVICE OF NOTICE.

1. Form No. 4 in bankruptcy is not a special order, but a "general order," under rule 5 of the general orders in bankruptcy.

2. The special order, directed by the previous decision in this case to be made in every case in bankruptcy, is necessary.

3. The clerk must mail the notices, form No. 52.

4. The order, form No. 51, though the register is to direct it to be issued, is to have the signature of the clerk and the seal of the court.

5. When a register directs that order to issue, he is at once to transmit to the clerk a list of all the proofs of debt in the case, which have been furnished to the register or the assignee, containing the names, residences, and post-office addresses of the creditors, with particularity enough to enable the notices, form No. 52, to be served properly.

[Cited in Re Dean, Case No. 3,699.]

In bankruptcy. After the rendering of the decision in this case, heretofore reported, [In re Bellamy, Case No. 1,266,] the register [Isaiah T. Williams] to whom the case was referred requested the court to reconsider that opinion. He suggested that the order, directed by the previous decision to be made in each case, was unnecessary, because the first order of reference (form No. 4) was not a general order, but a special order, and was by its terms broad enough to cover what was to be done under the order directed by the decision. He further suggested, that the

notices, form No. 52, should be served by the register instead of by the clerk, as the clerk would have no knowledge of the facts necessary for such service, and that to have them sent by the clerk would be inconvenient and expensive; that the note at the end of form No. 52 was probably an error; and that, as the court had in this case decided that an order in the midst of the proceedings could not require the seal of the court, and had directed that the order (form No. 51) should be issued by the register, so the certificate of service upon the creditors should be made by the register also. [Decision certified to register.] [For prior proceedings in this matter, see Cases Nos. 1,266 and 1,267.]

BLATCHFORD, District Judge. I regard the special order referred to as necessary, certainly so far as the requirement is concerned that the register shall examine and certify as to the regularity of all the proceedings, which is one of the principal points in the special order. That requirement is not covered by the order of reference, form No. 4. Form No. 4, in referring it to the register "to take such other proceedings therein as are required by the act," means such other proceedings required by the act, as the act requires the register to take. The act does not require the register to examine and certify as to the regularity of the proceedings with a view to the discharge, and it may be doubtful whether it requires the register to make the order to show cause on the petition for a discharge. I therefore regard the special order as necessary.

Form No. 4 is not a special order, but is what rule 5 of the "general orders in bankruptcy" calls a general order made by the district court in the case. That rule speaks of the power of the district court to make a general order "in each case." fixing the time when and the place where the register shall act upon the matters arising under the case. Form No. 4, the order of reference, is such a general order.

If any inconvenience in practice shall result from the making of such special orders, and it shall be brought to the notice of the court, the court will cheerfully consider the subject again. But no such inconvenience is stated as having arisen.

I am satisfied that, under rule 30 of the "general orders in bankruptcy," taken in connection with the note at the end of form No. 52, the clerk must mail the notice, form No. 52, when it is served by mail. Such note is, I think, not an error. Nor is it an error to put the seal of the court and the clerk's name to the order to show cause in form No. 51. I have not decided that an order in the midst of the proceedings cannot, with any propriety, require the seal of the court. The order in form No. 51, although the register is to direct it to be issued, is to have the signature of the clerk and the seal of the court. It will be regarded as a standing rule, that

---

[2] [From 1 N. B. R. 96.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

every register shall, immediately on directing an order to show cause, form No. 51. to issue, transmit to the clerk a list of all the proofs of debt in the case which have been furnished to the register or the assignee, containing the names, residences, and post-office addresses of the creditors, with sufficient particularity to enable the notices, form No. 52, to be served properly.

If this practice is expensive or inconvenient (which has not appeared), or shall hereafter appear to be expensive or inconvenient, the difficulty lies in the law, and in the "general orders" framed by the supreme court, and not in their administration. This court can only apply and carry out the law and the rules as it finds them, according to its best judgment.